UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK BROWER,

                Plaintiff,

   v.

TARGET CORPORATION,

                Defendants.

Case No. 3:24-cv-05524-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR SPOLIATION

This matter comes before the Court on plaintiff's motion for sanctions for alleged spoliation of evidence. Dkt. 31. The evidence lost was video footage depicting the slip-and-fall incident underlying this case. *Id*. Plaintiff asks the Court to impose one of the most severe sanctions available — a "partial directed verdict instructing the jury that Target Corporation is 100% liable for plaintiff's injuries on his negligence claim" and that "those injuries were the proximate result of defendant's failure to exercise ordinary care for the business invitee's safety." *Id*. at 1.

Target opposes and argues that it took reasonable steps to preserve the footage, that litigation was not reasonably foreseeable before the standard thirty-day overwrite period elapsed for the video, that plaintiff has provided no evidence of intent to deprive, and less severe measures are available to address the purported prejudice. Dkt. 35. For the reasons below, the Court DENIES the motion.

ORDER DENYING PLAINTIFF'S MOTION FOR
SPOLIATION - 1

## I. Factual Background

The dispute arises from a slip and fall incident that occurred on November 4, 2022 at a Target store located in Puyallup, Washington. Dkt. 1-3, Complaint; Dkt. 34, Declaration of Mark Brower ("Brower Decl.") ¶ 2. Plaintiff "slipped on some liquid substance on the floor that appeared to be red or pink in color and like water." Brower Decl. ¶ 4. Plaintiff asserts he did not see the substance before he slipped and that the fall caused injuries to his knee and head. *Id*. ¶ 6. After the incident, Target employees reviewed and downloaded the available surveillance footage, in accordance with corporate policies. Dkt. 37, Declaration of Gabriel Gutierrez ("Gutierrez Decl.") ¶ 4.

On November 8, 2022, defendant's insurance carrier, Sedgwick Claims Management Service ("Sedgwick") alerted plaintiff, by mail, that it is notified when an incident with a Target guest occurs. Dkt. 32, Declaration of John S. Feldmann in Support of Plaintiff's Motion for Sanctions for Spoliation of Evidence ("Feldmann Decl.") ¶ 4. Target preserved and mailed the video to Sedgwick, but the footage never arrived. Gutierrez Decl. ¶ 4. Target employs the industry standard practice of automatically overwriting footage after 30 days. Dkt. 35 at 2.

At the time of the incident, Target asserts it had no notice of litigation, and no reason to believe it was doing anything more than routine incident reporting. It was not until February 18, 2023 that plaintiff obtained retained counsel, who sent a letter of spoliation on February 21, 2023. Feldmann Decl. ¶¶ 5-6. Sedgwick acknowledged receipt and stated it was investigating the incident. *Id*. at 5. By this time, the video had been overwritten.

## II. Legal Standard

Rule 37(e) governs sanctions for the loss of electronically stored information ("ESI") and provides that if ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," the Court may, upon a finding of prejudice, order measures no greater than necessary to cure the prejudice, or, upon a finding of intent to deprive, impose severe sanctions, including adverse presumptions or dismissal. Fed. R. Civ. P. 37(e).

Before imposing sanctions under Rule 37(e), the Court evaluates: (1) whether the information qualifies as ESI; (2) whether there was a duty to preserve the ESI in the anticipation or conduct of litigation; (3) whether the ESI was lost because a party failed to take reasonable steps to preserve it; and (4) whether the ESI can be restored or replaced through additional discovery. *Lopez v. Cardenas Markets, LLC*, Case No. 2:21-cv-01915-JCM-BNW, 2023 WL 3182658, at *2 (D. Nev. May 1, 2023). The party seeking sanctions has a burden of proving "'by a preponderance of the evidence that the accused party actually destroyed, altered, or failed to preserve relevant evidence. *Hunt v. Assa Abloy Entrance Sys. U.S., Inc.*, No. 2:24-cv-01980-GMN-EJY, 2025 WL 2484182, at *2 (D. Nev. Aug. 28, 2025)

## III. Discussion

The parties agree that the surveillance video constitutes ESI. *See, Hunt,* 2025 WL 2484182, at *6 n.2. Next, the Court must determine whether Target had a duty to

ORDER DENYING PLAINTIFF'S MOTION FOR
SPOLIATION - 3

preserve the footage at the time of its loss and, if so, whether Target failed to take reasonable steps to do so.

A party commits spoliation of evidence only if it had "some notice that the [evidence was] potentially relevant to the litigation." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir.2002) (citation omitted). Although the Ninth Circuit has not precisely defined when the duty to preserve is triggered, trial courts in this Circuit generally agree that "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *UMG Recordings, Inc. v. Hummer Winblad Venture Partners* (*In re* Napster, Inc. Copyright Litig.), 462 F. Supp. 2d 1060, 1067 (N.D.Cal.2006); *AmeriPride Servs., Inc. v. Valley Indus. Serv., Inc.*, No. CIV S–00–113, 2006 WL 2308442, at *4 (E.D. Cal. Aug. 9, 2006) (anticipated litigation date is when a potential claim is identified). At the same time, Rule 37(e) "does not apply when information is lost before a duty to preserve arises." *Mork v. Russell*, No. 321CV00077MMDCSD, 2023 WL 7545518, at *2 (D. Nev. Nov. 14, 2023) (internal citations and quotations omitted).

The Ninth Circuit has held that a party does not engage in spoliation when, without notice of the evidence's potential relevance, it destroys the evidence according to its policy or in the normal course of its business. *United States v. $40,955.00 in U.S. Currency,* 554 F.3d 752, 758 (9th Cir.2009) (no indication that evidence destroyed with knowledge that it was relevant to litigation) (*citing Kitsap,* 314 F.3d at 1001-02) (no spoliation where evidence destroyed in normal course of business and no indication that relevant to anticipated litigation); *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.,* 425 F.3d 708, 720 (9th Cir.2005) (same).

ORDER DENYING PLAINTIFF'S MOTION FOR SPOLIATION - 4

1  Here, the record shows that Target reviewed and forwarded the footage on the
2  day of the incident and mailed it to Sedgwick. Gutierrez Decl. ¶ 4. Target's system
3  overwrote the original file after thirty days, consistent with its standard retention policy.
4  Dkt. 35 at 2.

5  Plaintiff did not retain counsel until more than three months after the incident, and
6  Target did not receive a preservation letter until February 21, 2023, well after the thirty-
7  day overwrite window had closed. Feldmann Decl. ¶¶ 5–6. Plaintiff did not file a
8  customer statement until October 29, 2023. Dkt. 32-5 at 6, Defendant's Answer to
9  Plaintiff's Interrogatory No. 6. It is plaintiff's burden to demonstrate that Target was on
10 notice of reasonably anticipated litigation during the retention window, yet the record
11 does not support such a conclusion. Routine incident-reporting and standard
12 correspondence with Sedgwick do not impose a preservation obligation, and plaintiff
13 identifies no circumstances comparable to those found sufficient in other cases.

14 In *Hunt*, the Court found Target's duty to preserve surveillance footage was
15 triggered by plaintiff's preservation letter, which was sent 10 days after the incident.
16 *Hunt,* 2025 WL 2484182, at *1, *5 ("Based on the undisputed fact that Target received a
17 Preservation Letter for footage of the incident prior to the lapse of retention under
18 Target's policy, and that letter put Target on notice of reasonably foreseeable litigation,
19 Target had a duty to preserve surveillance video that may have corroborated or
20 disproven the future claim."). In *Aiello*, the court found an accident report filed
21 immediately after the incident report was enough to put Food 4 Less on notice of
22 potential litigation. *Aiello v. Kroger Co.,* No. 2:08-CV-01729-HDM, 2010 WL 3522259, at
23 *3 (D. Nev. Sept. 1, 2010). In *Demena*, a combination of the incident report and plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR
SPOLIATION - 5

being transported from the store on a gurney by emergency personnel was enough. *Demena v. Smith's Food & Drug Ctrs., Inc.*, 2012 U.S. Dist. Lexis 129024, 2012 WL 3962381 (D. Nev. Sept. 10, 2012). This Court will not expand an interpretation of ESI discovery law to hold that Target is on notice of litigation any time a customer incident occurs; this would dramatically broaden the duty to preserve beyond what Rule 37(e) or Ninth Circuit authority requires.

The severe sanctions plaintiff requests require a showing that Target "acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). Intent "is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024). Nothing in this record suggests such an intent. The evidence shows only the operation of Target's standard ESI retention system and the unexplained failure of the mailed video to reach Sedgwick.

### IV.     Conclusion

Although the Court retains inherent authority to address the destruction of evidence, any remedy must be proportionate. *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Here, where the duty to preserve had not yet arisen, where Target took reasonable steps under the circumstances, and where there is no evidence of intent to deprive, no sanction is warranted.

Accordingly, plaintiff's motion is DENIED.

Dated this 15th day of December, 2025.

ORDER DENYING PLAINTIFF'S MOTION FOR SPOLIATION - 6

1
2                            Theresa L. Fricke
3                            United States Magistrate Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

ORDER DENYING PLAINTIFF'S MOTION FOR
SPOLIATION - 7